*MARTIN vs. ASHCRAFT.*

West'n. District.
October, 1829.

MARTIN
*vs.*
ASHCRAFT.

APPEAL from a decision of the judge of the sixth district.

PORTER, J. delivered the opinion of the court. The plaintiff was arrested, in virtue of a *capias ad satisfaciendum*, issued under a judgment obtained against him by the defendant for $3,556, and applied to the judge at chambers, under the provisions of the Code of Practice, to be discharged. After hearing the parties, the judge was of opinion, the arrest had been illegal, and directed the plaintiff to be released from confinement. The defendant appealed.

An appeal lies, from the order of a judge, at chambers, directing the discharge of a party arrested on a *ca. sa.*

A defendant, arrested on a *ca. sa.* and discharged from imprisonment by the plaintiff, may be imprisoned again.

The first question is, whether an appeal lies, in the present case, to this tribunal. Two objections have been suggested. First, that it is taken from a decision on a writ of *habeas corpus;* and second, that the decree of the judge was not rendered in court, but at his chambers.

Neither of these objections offers sufficient ground to prevent us taking cognizance of the case.

This court has decided, it had not appellate jurisdiction, from the refusal to grant a writ of *habeas corpus*, and in a subsequent case, recognizes the right of appeal from the discharge under such writ. 3 *Martin*, 42. 6. *Ibid* 569.

These decisions are not in the least contradictory. The first was, where the writ had been resorted to in a matter growing out of the administration of penal law. The second, where it was used to obtain a discharge from imprisonment, on a writ issued in a civil action. The refusal to grant the appeal in the one case, and its accordance in the other, did not proceed from the writ, but from the case in which it was resorted to. If in a criminal prosecution, the court had not jurisdiction, because this tribunal cannot take cognizance of such matters; but, if the suit was a civil one, it had, because its jurisdiction, in cases of this kind, does not at all depend on the nature or form of the writs, or remedies which the parties may exercise, but on the fact, that the decision is final, or works an irreparable injury, and the amount in dispute is above $300.

The circumstance of the decision being given before the judge, at chambers, and not

in open court, does not, in our opinion, affect

the right of appeal. The case commenced by petition to the judge, the proceedings were had under the provisions of the Code of Practice, which contemplate a summary trial, and from the decision, either party had a right to appeal.

On the merits, the question is, whether a defendant, arrested on a *ca. sa.* and discharged out of custody by the plaintiff, can be again imprisoned, under a writ of the same description. We lately decided, in the case of *Abat vs. Whitman,* that a release of this kind by the plaintiff in execution, did not discharge the debt, as it does at common law; and if it has not that effect, it does not discharge the person of the debtor. So long as the judgment debt remains unsatisfied, all the means given by the laws of the land to enforce it, are open to the creditor. The arguments addressed to this tribunal, on the hardship of the case, go rather to show the impolicy of allowing imprisonment as a means of carrying into effect judgments in civil causes, than against its exercise in the manner it was used here; and would be addressed with more propriety to

a legislature, than to a court of justice, whose duty is *jus dicere*, and not *jus dare*.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that the *capias*, which was stayed by the decision of said court, be proceeded on according to law, the appellee paying the cost of this appeal.

*Wilson* and *Briggs* for plaintiff, *Johnston* and *Rigg* for defendant.